J-S37035-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| R.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| A.L.F. | : | No. 1506 EDA 2024 |

Appeal from the Order Entered May 14, 2024
In the Court of Common Pleas of Philadelphia County
Domestic Relations at No(s): 0C1806435

BEFORE: BOWES, J., MURRAY, J., and SULLIVAN, J.

CONCURRING/DISSENTING MEMORANDUM BY SULLIVAN, J.:

**FILED APRIL 9, 2025**

I agree with the learned majority that all of Father's issues are either waived or meritless. ***See*** Maj. at 4-9. However, because I disagree with the majority's conclusion this matter is not moot, I am constrained to dissent from that portion of the memorandum. ***See id***. at 4 n. 3.

The majority concludes this case falls under the mootness exception for issues that are capable of repetition yet evade review. ***See id***. However, the record demonstrates this matter did not evade review because of the nature of the action, but because Father filed two motions which briefly delayed the matter, and, of critical importance, failed in his duty to ensure the certified record was complete. ***See Erie Insurance Exchange v. Moore***, 175 A.3d 999, 1006 (Pa. Super. 2017) (assembly of a complete record on appeal is not the responsibility of the Superior Court); Pa.R.A.P. 1921. Despite Father's

failure to file a complete record and his violation of the rules, this Court sought out the transcripts, which resulted in a lengthy delay.  During this period when the Court sought the missing transcripts, the matter became moot.  Father should not benefit from his failure to adhere to our Rules of Appellate Procedure, so I respectfully dissent from the majority's conclusion regarding mootness.